UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| JOSEPH W. SMITH, JR., | : | Case No. 2:22-cv-1875 |
| Plaintiff, | : | |
| vs. | : | District Judge Sarah D. Morrison |
| | : | Magistrate Judge Caroline H. Gentry |
| SHERIFF GEORGE W. LAVENDER, | : | |
| Defendant. | : | |

**ORDER and
REPORT AND RECOMMENDATION**

Plaintiff, an inmate currently incarcerated at the Pickaway Correctional Institution, in Orient, Ohio, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 for the alleged violation of his constitutional rights when he was a pretrial detainee at the Ross County, Ohio, Jail (the "Jail") and when, later, his pretrial bond was revoked after his release from the Jail for medical reasons. (Doc. 1-1). The only defendant named in the case caption is Ross County Sheriff George W. Lavender. (Doc. 1-1, at PageID 3). However, it appears from the complaint and various service documents plaintiff has submitted to the Court that plaintiff also intends to sue two nurses at the Jail, "Nurse Jill" and "Nurse Jane Doe No. 1," and Probation Officer M. Ratliff. (*See* Doc. 1-1, at PageID 5-8; Doc. 9). Plaintiff states that he is suing all defendants in their individual and official capacities. (*See* Doc. 1-1, at PageID 5-8). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis*.

This matter is now before the Court for a s*ua sponte* review of the complaint (Doc. 1-1) to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary

relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

## LEGAL STANDARD

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94

(2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).  By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**COMPLAINT**

Plaintiff's claims against defendants Sheriff Lavender, Nurse Jill, and Nurse Jane Doe No. 1 arose out of actions that allegedly occurred between March 23 and March 30, 2020, when plaintiff was a pretrial detainee at the Jail.  Plaintiff, who was 68-years old at the time, alleges that he was refused insulin for his Type II diabetes and an American Diabetic Association ("ADA") diet.  Plaintiff's claims against defendant Probation Officer M. Ratliff arose later, when

3

plaintiff's pretrial bond was allegedly improperly revoked after his release from the Jail for medical reasons. (Doc. 1-1).

Plaintiff organizes his claims into the following four counts:

**a.      Count One**

Plaintiff brings Count One against Sheriff Lavender. In Count One, plaintiff alleges that he was refused insulin and an ADA diet while a pretrial detainee at the Jail. Plaintiff asserts that, as the Jail policy maker and supervisor, "Sheriff Lavender knew or should have known under the auspices of his official capacity, or (duty) that the Ross County Jail, denied or refused Pre-Trial Detainee's on the 23rd day of March, 2020, thru March 30, 2020, [sic] the plaintiff was a Pre-Trial Detainee and was refused insulin, [ADA] diet." Plaintiff also asserts that he was unable to file a grievance at the Jail because a new computer system was being installed. (Doc. 1-1, at PageID 4-5).

Plaintiff alleges that when he complained to the judge at his arraignment about the medical care he was receiving at the Jail, the judge granted him bond. After being released on bond, plaintiff alleges that he "went to the VA Hospital, who sent [him] to Adena Hospital where [he] was admitted for 12 days, losing function of [his] kidneys for life and had to be placed on Kidney Dialysis for the rest of [his] life." (Doc. 1-1, at PageID 5).

Plaintiff purports to bring Count One against Sheriff Lavender for "deliberate indifference for adequate and necessary medical care." (Doc. 1-1, at PageID 5).

**b.      Count Two**

Plaintiff brings Count Two against Nurse Jill. In Count Two, plaintiff alleges that on March 23, 2020, he asked Nurse Jill for insulin and she stated, "I don't have nothing for you . . .

why did you not bring your insulin with you?" Plaintiff allegedly explained to her that he did not know he was going to jail. (Doc. 1-1, at PageID 5).

Plaintiff alleges that, after going two or three days without insulin, his blood sugar rose to 478, and he called a friend to go to his house to look for his insulin. Plaintiff alleges that his friend was only able to find an old prescription that plaintiff was not sure would work. Plaintiff alleges that his friend also told him that unidentified sheriff deputies, who are not named as defendants,[1] were at his house searching his car. Plaintiff claims that he did not know the deputies were there and that they did not ask him to search his property. (Doc. 1-1, at PageID 6).

Plaintiff asserts that he grew apprehensive when his blood sugar remained at 478, but that neither Nurse Jill nor Nurse Jane Doe No. 1 would let him be seen by a doctor or go to the hospital. Plaintiff claims that Nurse Jill was improperly trained or simply did nor care about the "seriousness of pretrial detainees [sic] diabetic medical conditions." (Doc. 1-1, at PageID 6).

Plaintiff purports to bring Count Two against Nurse Jill under the Fourteenth Amendment Due Process and Equal Protection Clauses. (Doc. 1-1, at PageID 6).

**c.    Count Three**

Plaintiff brings Count Three against Nurse Jane Doe No. 1. In Count Three, plaintiff alleges that Nurse Jane Doe No. 1 refused him insulin and an ADA diet. Plaintiff reasserts his allegations regarding complaining to the judge about his medical treatment at the Jail during his arraignment, getting out on bond, and being admitted to the hospital following his release. Plaintiff attributes his alleged hospitalization, loss of kidney function, and placement on kidney dialysis to the alleged "deliberate indifference and lack of adequate medical care of the Ross County Jail medical staff." (Doc. 1-1, at PageID 7).

---

[1] Several of plaintiff's allegations are asserted against non-defendant third parties. To the extent that plaintiff asserts claims against non-defendants, those claims are subject to dismissal.

5

Plaintiff purports to bring Count Three against Nurse Jane Does No. 1 under the Fourteenth Amendment Due Process and Equal Protection Clauses. (Doc. 1-1, at PageID 7).

**d.     Count Four**

Plaintiff brings Count Four against Probation Officer M. Ratliff. In Count Four, plaintiff alleges that on June 5, 2020, he was arrested for "having failed to comply with pretrial supervision orders." Plaintiff asserts that Probation Officer M. Ratliff improperly revoked plaintiff's pretrial supervision for meeting with his "Federal Fiduciary" to get money to pay bills and rent. Additionally, plaintiff asserts that his revocation hearing was a "sham," violated Ohio Criminal Rule of Procedure 32.3, and violated his right to due process in various ways. Plaintiff also claims that following his revocation hearing the judge, who is not named as a defendant, set plaintiff's bail at $500,000, which plaintiff claims is an excessively high amount.

Plaintiff purports to bring Count Four against Probation Officer M. Ratliff under due process principles and the Eighth Amendment. (*See* Doc. 1-1, at PageID 8).

Plaintiff seeks monetary damages and any additional "relief . . . [he] is entitled to[]." (Doc. 1-1, at PageID 8-9).

**ANALYSIS**

The Court understands plaintiff's allegations as asserting: (1) claims of deliberate indifference to a serious medical need against defendants Sheriff Lavender, Nurse Jill, and Nurse Jane Doe No. 1 for the alleged denial of insulin and a diabetic diet at the Jail, in violation of the Fourteenth Amendment,[2] (2) equal protection claims against defendants Nurse Jill and Nurse Jane Doe No. 1 related to the alleged denial of insulin and a diabetic diet at the Jail, in violation

---

[2]The Fourteenth Amendment's Due Process Clause governs claims for deliberate indifference to serious medical needs brought by pretrial detainees, but such claims "are analyzed under the same rubric as Eighth Amendment claims brought by prisoners." *Villegas v. Metro. Gov't of Nashville,* 709 F.3d 563, 568 (6th Cir.2013).

of the Fourteenth Amendment, (3) claims against defendant Sheriff Lavender related to plaintiff's alleged inability to file a grievance at the Jail, and (4) due process and Eighth Amendment claims against Probation Officer M. Ratliff related to the alleged improper revocation of plaintiff's pretrial bond.

At this stage in the proceedings, without the benefit of briefing by the parties to this action and construing plaintiff's *pro se* complaint liberally, *see Erickson*, 551 U.S. at 94, the undersigned concludes that the complaint is deserving of further development and may proceed at this juncture on plaintiff's Fourteenth Amendment deliberate indifference claims against defendant Sheriff Lavender in his official capacity and against defendants Nurse Jill and Nurse Jane Doe No. 1 in their official and individual capacities.[3] Liberally construed, and without the benefit of briefing by the parties, the complaint alleges a policy, practice, and/or failure to train at the Jail, as well as actions by Nurse Jill and Nurse Jane Doe No. 1, that purportedly resulted in the denial of insulin and a proper diabetic diet to plaintiff.

However, for the reasons stated below, the undersigned concludes that the remainder of plaintiff's claims against defendants Sheriff Lavender, Nurse Jill, and Nurse Jane Doe No. 1, including plaintiff's deliberate indifference claims against Sheriff Lavender in his individual capacity, plaintiff's claims related to the grievance process at the Jail, and plaintiff's equal protection claims against Nurse Jill and Nurse Jane Doe No. 1, should be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

---

[3]The claims against these parties in their official capacities are in reality claims against Ross County, Ohio, the entity of which the Court understands from the allegations in the complaint these defendants to be employed. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978). A municipality qualifies as a "person" subject to liability under § 1983. *Id*.

Further, the undersigned concludes that plaintiff's claims against defendant Probation Officer M. Ratliff are improperly joined in this action and should be dismissed without prejudice to plaintiff re-filing a separate action or actions including such claims if he so wishes. Fed. R. Civ. P. 20(a)(2); 21.

First, although plaintiff may proceed at this juncture with his claims against defendant Sheriff Lavender based on the alleged unconstitutional policy, practice, and/or failure-to-train that allegedly resulted in plaintiff being denied insulin and a diabetic diet at the Jail, such claims, as noted above in footnote 3, are official capacity claims and are treated as claims against Ross County, Ohio, the entity of which Sheriff Lavender appears to be an agent. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989); *Kentucky v. Graham*, 473 U.S. 159 (1985); *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978); *see also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Plaintiff has failed to state a deliberate indifference claim against Sheriff Lavender in an individual capacity, however, because plaintiff has failed to allege facts showing that Sheriff Lavender was personally present or had any involvement in the alleged denial of insulin or a diabetic diet. "A supervisory employee cannot be held liable under § 1983 for the constitutional torts of those he supervises unless it is shown 'that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Searcy v. City of Dayton*, 38 F.3d 282, 287 (6th Cir. 1994) (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). *See also Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999) ("A supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some way directly participated in it.").

To the extent that plaintiff alleges that Sheriff Lavender "knew or should have known" about the denial of medical care to pretrial detainees at the Jail (Doc. 1-1, at PageID 4) or that "Nurse Jill was not properly trained" (Doc. 1-1, at PageID 6), such allegations are insufficient to establish Sheriff Lavender's personal involvement. *See, e.g., Jae Jeong Lyu v. McDonnell*, No. 519CV00637MCSAFM, 2020 WL 7872962, at *4 (C.D. Cal. Nov. 25, 2020), *report and recommendation adopted sub nom. Lyu v. McDonnell,* No. 519CV00637MCSAFM, 2021 WL 107199 (C.D. Cal. Jan. 12, 2021) ("Rather, following his attempts at amendment, plaintiff's [second amended complaint] continues to make sweeping and conclusory allegations such as that Sheriff McDonnell knew of plaintiff's 'need [for] special protection.' . . . Such allegations, when plaintiff fails to set forth any supporting factual allegations, are not entitled to a presumption of truth in deciding the sufficiency of plaintiff's claim."); *O'Keefe v. Clarke*, No. 14-C-834, 2014 WL 5849209, at *2 (E.D. Wis. Nov. 12, 2014) ("The claim alleges merely that [the defendant sheriff] 'knew or had a duty to know' that Plaintiff's cell was infested with bugs, but such a conclusory assertion of personal involvement does not suffice.") (citing, *inter alia*, *Twombly*, 550 U.S. at 570); *Houghton v. Cardone*, 295 F. Supp. 2d 268, 276 (W.D.N.Y. 2003) (finding the plaintiff's conclusory allegations that the defendant sheriff "(1) failed to adequately train or supervise the officers; (2) knew about and tolerated the officers' allegedly unlawful behavior; and (3) 'failed to institute a proper system of review and reprimand' of his deputies so as to prevent the types of unlawful acts alleged here" were insufficient to establish the sheriff's personal involvement).

Because plaintiff has not alleged facts from which the Court can plausibly infer that Sheriff Lavender was personally involved in the alleged denial of insulin and a diabetic diet to

9

plaintiff at the Jail, plaintiff's deliberate indifference claims against Sheriff Lavender in an individual capacity are subject to dismissal.[4]

Next, to the extent that plaintiff alleges that he was unable to access the grievance procedure at the Jail (*see* Doc. 1-1, at PageID 5), such allegations are insufficient to state a claim against Sheriff Lavender or any defendant because plaintiff has no federal constitutional right to an effective prison grievance procedure. *See, e.g., Hill v. Warden, Southern Ohio Corr. Facility,* No. 1:12cv63, 2012 WL 1639991, at *2 (S.D. Ohio Mar.13, 2012) (Litkovitz, M.J.) (recommending dismissal of portion of complaint complaining about "the failure of prison staff to provide [plaintiff] with inmate grievance forms and other deficiencies in the inmate grievance procedure" because "plaintiff has no federal constitutional right to an effective prison grievance procedure"), *adopted,* 2012 WL 1623565 (S.D. Ohio May 9, 2012) (Weber, J.); *Dearing v. Mahalma,* No. 1:11cv204, 2011 WL 3739029, at *7 (S.D. Ohio Aug.24, 2011) (Barrett, J.) (holding that the plaintiff's allegations referring to "his dissatisfaction with the . . . investigation of [an] allegedly mishandled letter" through the prison grievance process did not state an actionable claim under 42 U.S.C. § 1983); *Williams v. Harris,* No. 1:11cv362, 2011 WL 3667438, at *3 (S.D. Ohio June 15, 2011) (Litkovitz, M.J.) (recommending dismissal of complaint against prison official responsible for responding to institutional grievances because the plaintiff had "no constitutional right to an effective grievance procedure"), *adopted,* 2011 WL 3667389 (S.D. Ohio Aug. 22, 2011) (Dlott, J.); *see also Walker v. Michigan Dep't of Corr.,*

---

[4]To the extent plaintiff alleges in his complaint that his car was unlawfully searched by unidentified, non-defendant sheriff deputies, such allegations are insufficient to state a claim upon which relief may be granted against Sheriff Lavender, Nurse Jill, or Nurse Jane Doe No. 1. Plaintiff has failed to allege any facts from which the Court can infer any practice or policy or other action of Ross County that resulted in the alleged violation of plaintiff's rights or any personal involvement on the part of any of the defendants in the search of plaintiff's car. *See Monell*, 436 U.S. at 690-91; *Murphy v. Grenier,* 406 F. App'x 972, 974 (6th Cir.2011) ("Personal involvement is necessary to establish section 1983 liability."). Accordingly, to the extent plaintiff intends to bring claims against any of defendants based on these allegations, such claims are subject to dismissal.

128 F. App'x 441, 445 (6th Cir.2005) (per curiam) (and cases cited therein); *Argue v. Hofmeyer,* 80 F. App'x 427, 430 (6th Cir. 2003) (and cases cited therein); *Overholt v. Unibase Data Entry, Inc.,* No. 98–3302, 2000 WL 799760, at *3 (6th Cir. June 14, 2000)).  Plaintiff's claims relating to the grievance procedure at the Jail should therefore be dismissed.

      Additionally, to the extent plaintiff's complaint alleges violations of the Equal Protection Clause against Nurse Jill and Nurse Jane Doe No. 1, the complaint fails to state a claim for relief under the Equal Protection Clause of the Fourteenth Amendment.  "The Equal Protection Clause prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference."  *Rondigo, L.L.C v. Twp. of Richmond*, 641 F.3d 673, 681-82 (6th Cir. 2011) (citing *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005)).  To state a claim for discrimination under the Equal Protection Clause, plaintiff must allege sufficient facts to show that a state actor intentionally discriminated against him because of his membership in a protected class.  *Simpson v. Ameji*, 57 F. App'x 238, 239 (6th Cir. 2003) (citing *Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990), *overruled on other grounds by Albright v. Oliver*, 510 U.S. 266 (1994)).  Plaintiff has failed to allege any facts showing that defendants Nurse Jill or Nurse Jane Doe No. 1 treated plaintiff differently or denied him any rights because of his membership in a protected class.  For these reasons, plaintiff has failed to state a claim for a violation of his equal protection rights under the Fourteenth Amendment.

      The remainder of the complaint should be dismissed without prejudice because it consists of claims against defendant Probation Officer M. Ratliff that are unrelated to plaintiff's claims

11

against defendants Sheriff Lavender, Nurse Jill, and Nurse Jane Doe No. 1. As indicated above, plaintiff's remaining claims relate to the allegedly improper revocation of his pretrial bond.

A plaintiff may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). *See also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.").

"[T]he proper remedy for . . . misjoinder is to sever the claims against the unrelated parties and dismiss those claims without prejudice." *Cage v. Mich.*, No. 16cv11679, 2018 WL 3729062, at *2 (E.D. Mich. Aug. 6, 2018). Under Fed. R. Civ. P. 21, courts have "broad discretion 'to order severance to avoid causing unreasonable prejudice and expense to the defendant . . . and to avoid great inconvenience in the administration of justice.'" *Proctor v. Applegate*, 661 F. Supp.2d 743, 781 (E.D. Mich. 2009) (quoting *Nali v. Mich. Dep't of Corrections*, No. 07-10831, 2007 WL 4465247, *3 (E.D. Mich. 2007)) (alteration in original).

Because plaintiff's claims against defendant M. Ratliff do not arise out of the same transaction, occurrence, or series of transactions or occurrences as the claims against defendants Sheriff Lavender, Nurse Jill, and Nurse Jane Doe No. 1, and involve separate and distinct factual and legal issues, plaintiff has improperly included such claims in this action and they should be dismissed without prejudice to plaintiff re-filing a separate action including such claims if he so wishes. Fed. R. Civ. P. 20(a)(2); 21.

Accordingly, in sum, plaintiff's complaint against defendants Sheriff Lavender, Nurse Jill, and Nurse Jane Doe No. 1 should be **DISMISSED with prejudice**, with the exception of plaintiff's Fourteenth Amendment deliberate indifference claims against defendant Sheriff Lavender in his official capacity and against defendants Nurse Jill and Nurse Jane Doe No. 1 in their official and individual capacities.  28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).  For the reasons stated above, plaintiff's unrelated claims against defendant Probation Officer M. Ratliff should be **SEVERED** and **DISMISSED WITHOUT PREJUDICE**.  Fed. R. Civ. P. 20(a)(2); 21.

Plaintiff, however, has failed to provide a summons on the Court's official form for defendant Sheriff Lavender or a U.S. Marshall Form for defendant Nurse Jill.[5]  It is therefore **ORDERED** that plaintiff, **within thirty (30) days** of the date of this Order, submit a completed summons on the Court's official form for defendant Sheriff Lavender and a U.S. Marshal Form for defendant Nurse Jill.

### IT IS THEREFORE RECOMMENDED THAT:

1. The complaint (Doc. 1-1) be **DISMISSED with prejudice**, with the exception of plaintiff's Fourteenth Amendment deliberate indifference claims against defendant Sheriff Lavender in his official capacity and against defendants Nurse Jill and Nurse Jane Doe No. 1 in their official and individual capacities.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. Plaintiff's unrelated claims against defendant M. Ratliff be **SEVERED** and **DISMISSED WITHOUT PREJUDICE**.  Fed. R. Civ. P. 20(a)(2); 21.

---

[5]Plaintiff has provided a completed United States Marshal form for defendant Sheriff Lavender (Doc. 4-1, at PageID 20) and a completed summons form on the Court's official form for defendant Nurse Jill (Doc. 9-3, at PageID 54-55) and need not resubmit these forms.

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199, 203 (2007).

**IT IS THEREFORE ORDERED THAT:**

1. Within thirty (30) days of receipt of this Order, plaintiff shall submit a completed summons on this Court's official form for defendant Sheriff Lavender and a completed United States Marshal Form for defendant Nurse Jill.

2. The **Clerk of Court** is **DIRECTED** to send to plaintiff a summons form and a United States Marshal form for this purpose. Upon receipt of the completed summons and United States Marshal forms, the Court **ORDERS** service of process by the United States Marshal.

3. The **Clerk of Court** is further **DIRECTED** to add defendants Nurse Jill and Nurse Jane Doe No. 1 in their official and individual capacities to the docket sheet in this case.

4. Plaintiff is advised that before service may be issued upon the remaining "Jane Doe" defendant, he must file a motion to issue service setting forth the identity of that defendant. Plaintiff must also provide updated United States Marshal and summons forms for service on the unknown Jane Doe defendant once their identity is discovered. Plaintiff is therefore **ORDERED** to file a motion to issue service, including updated United States Marshal and summons forms, if and when plaintiff discovers the identity of the remaining "Jane Doe" defendant through discovery. No service will be issued on this defendants unless plaintiff complies with this Order.

5. Plaintiff shall serve upon defendants or, if an appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the

Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or defendants' counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

6. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

**PROCEDURE ON OBJECTIONS:**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to

15

specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).

September 9, 2022                              *s/Caroline H. Gentry*
                                                                    CAROLINE H. GENTRY
                                                                    United States Magistrate Judge