IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOSEPH W. SMITH, JR., | : Case No. 2:22-cv-01875 |
| Plaintiff, | : |
| | : District Judge Sarah D. Morrison |
| vs. | : Magistrate Judge Caroline H. Gentry |
| | : |
| SHERIFF GEORGE W. LAVENDER, *et al.*, | : |
| | : |
| Defendants. | : |

## REPORT AND RECOMMENDATION

This matter is before the Court following Plaintiff's failure to comply with its Order to Show Cause (Doc. No. 30). In that Order, the Court observed that because more than ninety days had passed since the complaint was filed in this matter, Plaintiff's claims were apparently subject to dismissal for failure of service under Federal Rule of Civil Procedure 4(m). (*Id*. at PageID 154.) Noting that it had previously done so on two other occasions (*see* Doc. No. 13; Doc. No. 16), the Court ordered Plaintiff to file a summons form for Defendant Lavender within thirty days. (*Id*.) The Court warned Plaintiff that "**[f]ailure to comply with the terms of this Order will result in a Recommendation that the District Judge dismiss this case**." (*Id*. (emphasis in original).)

The Clerk mailed a copy of the Order to Show Cause to Plaintiff at his address of record. However, the Order was returned as undeliverable with a handwritten note that indicated Plaintiff had been released from incarceration. (Doc. No. 31, PageID 156.) The deadline has now passed and Plaintiff has not filed a summons form as ordered.

1

District courts have the power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). *See also Jordan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Though Plaintiff is proceeding *pro se*, the Supreme Court "[has] never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Here, Plaintiff's claims should be dismissed for four reasons: 1) Plaintiff failed to discover the identity of Defendant Doe or take reasonable steps to do so; 2) Plaintiff failed to obtain timely service on Defendants Lavender and Doe pursuant to Fed. R. Civ. P. 4(m) or take reasonable steps to do so; 3) Plaintiff failed to provide his updated address to the Court; and 4) Plaintiff failed to comply with this Court's orders. Each of these deficiencies constitutes a failure to prosecute that independently warrants dismissal. *Zareck v. Corr. Corp.*, 2022 U.S. App. LEXIS 22305 (6th Cir. 2022) (failure to make reasonable efforts to effect service); *Petty v. Cty. of Franklin*, 478 F.3d 341, 345–46 (6th Cir. 2007) (failure to timely identify and serve John Doe defendants); *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) (failure to update address); *Jourdan v. Jabe*, 951 F.2d 108, 109–10 (6th Cir. 1991) (repeated failure to abide by deadlines set by the court).

Accordingly, the undersigned Magistrate Judge **RECOMMENDS** that this matter be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and failure of service under Fed. R. Civ. P. 4(m).

**IT IS SO RECOMMENDED**.

          *s/Caroline H. Gentry*
          Caroline H. Gentry
          United States Magistrate Judge

Procedure on Objections

If any party objects to this Report and Recommendation ("Report"), that party may, within fourteen (14) days of the date that this Report was filed, file and serve written objections to specific findings or recommendations along with supporting authority for the objection(s). Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. A District Judge will then make a *de novo* determination of the portions of the report, findings, or recommendations to which objection is made. The District Judge may accept, reject, or modify, in whole or in part, this Court's findings or recommendations, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are advised that a failure to object to the Report will result in a waiver of a party's right (1) to have the District Judge review the Report *de novo* and (2) to appeal a decision of the District Court adopting the Report. *See Thomas v. Arn*, 474 U.S. 140 (1985); *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).