IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH W. SMITH, JR., | : | Case No. 2:22-cv-01875 |
| Plaintiff, | : | |
| | : | District Judge Sarah D. Morrison |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| SHERIFF GEORGE W. LAVENDER, *et al.*, | : | |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

On June 7, 2023, the undersigned Magistrate Judge ordered Plaintiff to show cause why this case should not be dismissed for failure to timely complete a summons form for Defendant Lavender and for failure to timely amend his Complaint to properly name Defendant "Nurse Jane Doe #1." (Doc. No. 30.) The Court's Order was returned undelivered from Plaintiff's address of record (Doc. No. 31), and Plaintiff failed to comply with the terms of that Order. Accordingly, on recommendation of the undersigned (Doc. No. 32), the Court dismissed this matter for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and failure of service under Fed. R. Civ. P. 4(m) (Doc. No. 33).

On September 27, 2023, Plaintiff filed a Motion to be Released from Judgment (Doc. No. 36). In that Motion, Plaintiff stated that because of repeated and lengthy hospitalizations, he had been "incapacitated and unable to respond to any filings made by

1

the Court" since May 28, 2023. (*Id*. at PageID 172 (cleaned up).) Plaintiff therefore moved the Court to vacate its judgment entry and reopen this matter. (*Id*.)

On September 28, 2023, the Court granted Plaintiff's Motion pursuant to Fed. R. Civ. P. 60(b)(6). (Doc. No. 37.) In addition, the Court reinstated the June 7 Order to Show Cause (Doc. No. 30) and ordered Plaintiff to comply with the terms of that Order within thirty days. (Doc. No. 37, PageID 180-81.) That deadline passed and Plaintiff did not comply. Due to the unusual circumstances in this case, however, and out of an abundance of caution, the undersigned Magistrate Judge *sua sponte* afforded Plaintiff an additional thirty days. (Doc. No. 39.) That deadline, too, has now passed without any activity on Plaintiff's part.

The undersigned is mindful of Plaintiff's representations that his failures to comply with this Court's Orders were not willful but rather due to serious health issues. (*See* Doc. No. 36, PageID 172.) In addition, the undersigned is conscious of the Sixth Circuit's instruction that district courts "take appropriate measures to permit the adjudication of *pro se* claims on the merits[] rather than . . . order their dismissal on technical grounds." *Friedman v. Campbell*, No. 98-6728, 1999 U.S. App. LEXIS 37597, at *1 (6th Cir. Nov. 8, 1999). The fact remains, however, that although this matter has been pending for nearly twenty-two months, the remaining Defendants still have not been served. Because each Defendant "has a right to a determination of its rights and liabilities without undue delay," *Ohio En't Council v. United States Dist. Ct. for the S. Dist. Of Ohio*, 565 F.2d 393, 396 (6th Cir. 1977), this case cannot be prolonged indefinitely.

Accordingly, the undersigned recommends that this matter be dismissed on three grounds. First, Plaintiff has failed to perfect service on Defendants Lavender and Doe pursuant to Fed. R. Civ. P. 4(m) or to take reasonable steps to do so. Second, Plaintiff has failed to timely identify Defendant Doe or take reasonable steps to do so. Third, Plaintiff has failed to comply with orders of this Court. Each of these deficiencies constitutes a failure to prosecute and independently warrants dismissal. *Zareck v. Corr. Corp.*, No. 21-03727, 2022 U.S. App. LEXIS 22305 (6th Cir. Aug. 9, 2022) (failure to make reasonable efforts to effect service); *Petty v. Cty. of Franklin*, 478 F.3d 341, 345-46 (6th Cir. 2007) (failure to timely identify and serve John Doe defendants); *Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991) (repeated failure to abide by deadlines set by the court).

For these reasons, therefore, the undersigned Magistrate Judge **RECOMMENDS** that this matter again be dismissed without prejudice.

**IT IS SO RECOMMENDED**.

*s/Caroline H. Gentry*  
Caroline H. Gentry  
United States Magistrate Judge

Procedure on Objections

If any party objects to this Report and Recommendation (Report), that party may, within fourteen (14) days of the date that this Report was filed, file and serve written objections to specific findings or recommendations along with supporting authority for the objection(s). Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. A District Judge will then

make a *de novo* determination of the portions of the report, findings, or recommendations to which objection is made. The District Judge may accept, reject, or modify, in whole or in part, this Court's findings or recommendations, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

      The parties are advised that a failure to object to the Report will result in a waiver of a party's right (1) to have the District Judge review the Report *de novo* and (2) to appeal a decision of the District Court adopting the Report. *See Thomas v. Arn*, 474 U.S. 140 (1985); *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).